**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**CASE NO. 3:02CV-499-MO**

| | |
|---|---|
| EDWIN PARROTT, et al. | PLAINTIFF |
| and | |
| ERIE INSURANCE COMPANY | INTERVENOR PLAINTIFF |

V.

| | |
|---|---|
| | DEFENDANT/ |
| HOOSIER STATE CONSTRUCTION, INC. | COUNTERPLAINTIFF/ |
| | THIRD PARTY PLAINTIFF |

V.

| | |
|---|---|
| ARVIN PLUMBING | THIRD-PARTY DEFENDANTS |

**MEMORANDUM OPINION**

Hoosier State Construction has filed a motion for summary judgment in which it asserts that judgment in its favor is appropriate with respect to four of the Parrott's claims. The court has reviewed the motion and plaintiffs' response thereto, and finds part of it to be well taken. Accordingly, this court will grant, by separate order, summary judgment in Hoosier State Construction's favor with respect to plaintiffs' claims of fraud and their request for punitive damages.

**I.**

Although several claims have been earnestly plead, this is essentially a breach of contract case arising from a construction dispute. The plaintiffs hired Hoosier State Construction to build a commercial building for them in September of 2000, and became dissatisfied with Hoosier State Construction's performance. The building initially was scheduled to be completed by the

end of 2000, but construction delays ensued, and was not completed until the second half of 2001.

While construction was ongoing, the plaintiffs became concerned not only about the construction delays, but also about the quality of the project. They therefore hired an engineering firm to evaluate the project. That firm identified several areas of concern, from the size of outside sewer lines, to the depth of water lines, to the quality of the concrete flooring. Hoosier State, for its part, denied that the construction was defective, but blamed any alleged defects on faulty work performed by subcontractors. When the parties' business relationship had utterly deteriorated, plaintiffs filed suit.

In their complaint, the plaintiffs allege that the construction of the project was deficient in several respects. They also allege that Hoosier State Construction misappropriated for its own use funds designated as payment for a particular subcontractor, and then later wrongfully filed a mechanic's and materialman's lien against the property. The plaintiffs therefore assert claims of (1) breach of contract (2) negligence (3) fraud and deceit (4) misappropriation of funds, and (5) slander of title. They also seek punitive damages, and seek a declaratory judgment in their favor with respect to the lien that Hoosier State Construction had filed against their property.

## II.

Summary judgment is only proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Moreover, the evidence, the facts, and any inferences drawn therefrom, must be reviewed in the light most favorable to the plaintiffs, as they are the non-

movants. *See Matsushita Elec. Indus. Co. v. Zenith Corp.,* 475 U.S. 574, 587 (1986).

**A.       Plaintiffs' Substantive Claims**

As noted above, the plaintiffs have made several substantive claims regarding the actions of Hoosier State Construction. The court has reviewed the parties' pleadings and the attachments thereto, and finds that there is enough evidence in the record that, if such evidence is construed in the light most favorable to the plaintiffs, precludes summary judgment of the negligence, misappropriation of funds, and slander of title claims in Hoosier State's favor. The fraud claim, however, must be dismissed.

In Kentucky, the elements of a fraud claim, which must be established by clear and convincing evidence, are: (a) a material misrepresentation, (b) that was false, (c) that was knowingly false, or recklessly made without any knowledge of its truth, (d) that was made with the intention that it be acted upon, (e) that was reasonably relied upon, and (f) and from which injury resulted. *See, e.g., Yeager v. McLellan*, 177 S.W.2d 807, 809 (Ky. 2005). The plaintiffs essentially concede in their response to Hoosier State's motion for summary judgment, however, that they cannot meet the requirements for establishing fraud with respect to the allegations presented in their complaint. They instead argue that, because they might be able to establish the necessary elements of certain crimes (*e.g.*, conversion of funds), they should be entitled to have those allegedly criminal actions deemed fraudulent. That argument is novel, and undoubtedly earnest, but not well-taken legally.

This is, distilled to its essence, a breach of contract case. Hoosier State, as the general contractor for the Parrotts, may indeed have used funds in a manner inconsistent with the Parrotts' intentions, may have installed the wrong size sewer pipes in error and then arranged for

-3-

the construction plans to be changed without informing the Parrotts, and may have made several misrepresentations regarding the status of the project as it was ongoing, but none of those actions, even if they are construed in the light most favorable to the plaintiffs, constitute the tort of fraud under Kentucky law.

**B.      Plaintiffs' Request for Punitive Damages**

Plaintiffs have also requested that the court award them punitive damages. In Kentucky, an award of punitive damages is not permissible for breach of contract and may only be awarded in a tort action when the plaintiff proves, by clear and convincing evidence, that the tortfeasor acted toward the plaintiff with fraud, oppression, or malice. *See* Ky. Rev. Stat. 411.184. The court has just determined that plaintiffs' fraud claim should be dismissed. In addition, punitive damages are not appropriate for negligent conduct, even if the alleged conduct is "grossly" negligent. *See William v. Wilson*, 972 S.W.2d 260 (Ky. 1998).

The only two remaining claims, misappropriation of funds and slander of title, do not pertain to conduct that could be construed as oppression, malice, or even outrageous, as those terms are commonly understood in the context of a punitive damages assessment. *See* 411.184(1)(a), (c) (defining "oppression" and "malice"). Even if plaintiffs' allegations regarding the alleged misappropriation of funds and slander of title are true, there is no evidence that Hoosier State intended to subject the plaintiffs to cruel and unjust hardship, or that it acted with any subjective awareness that their actions would result in human death or bodily harm. Consequently, plaintiffs' claim for punitive damages must be dismissed along with their fraud claim.

**III.**

For the reasons stated herein, the court will, by separate order, grant Hoosier State's motion for summary judgment, in part, and dismiss plaintiffs' claim of fraud and their request for punitive damages. The court will deny Hoosier State's request for summary judgment of plaintiffs' breach of contract, negligence, misappropriation of funds, and slander of title claims.

DATE:

cc:   counsel of record